UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TONY ROBINSON,

    Plaintiff,

v.

Case No: 6:24-cv-983-JSS-DCI

EQUIFAX INFORMATION
SERVICES, LLC, ADDITION
FINANCIAL CREDIT UNION,
EXPERIAN INFORMATION
SOLUTIONS, INC. and TRANS
UNION, LLC,

    Defendants.
_____/

# ORDER

Defendants Equifax Information Services, LLC (Equifax), Experian Information Solutions, Inc. (Experian), and Trans Union, LLC (Trans Union and, together with Equifax and Experian, the Consumer Reporting Agency (CRA) Defendants) jointly move to dismiss Counts II–VII of Plaintiff's Complaint. (Dkt. 35; *see* Dkt. 36.) Defendant Addition Financial Credit Union (Addition) separately moves to dismiss Count I of Plaintiff's Complaint. (Dkt. 42.) Plaintiff opposes both motions. (Dkts. 41 & 44.) Upon consideration, Defendants' Motions are granted.

## BACKGROUND

Plaintiff co-signed his daughter's credit card, issued by Addition. (Complaint, Dkt. 1-1 ¶ 17.) On or about March 4, 2023, Plaintiff's daughter paid off the card's

balance in full, closed the account, and Addition confirmed that the account was closed as of May 9, 2023. (*Id.* ¶¶ 20–21.) At some point later, however, Addition accepted a charge on the account without informing Plaintiff's daughter. (*Id.* ¶ 22.) Unaware of this charge, Plaintiff's daughter failed to pay the related balance. (*Id.* ¶ 23.) Because Plaintiff co-signed for his daughter, Addition began reporting the balance as a missed payment on Plaintiff's credit report. (*Id.* ¶¶ 23–24.) As a result, Plaintiff's credit score began "rapidly declining." (*Id.* ¶ 25.)

On or about October 10, 2023, Plaintiff's daughter contacted Defendants concerning their "unlawful debt collection attempts." (*Id.* ¶ 26.) Addition informed Plaintiff's daughter that the pending charges were visible on her Addition online portal, but Plaintiff claims that the portal did not show any activity after May 9, 2023, the date the account was closed. (*Id.* ¶ 28.) On or about October 20, 2023, Plaintiff's daughter mailed "detailed dispute letters regarding the inaccurate and erroneous balance to [the CRA] Defendants." (*Id.* ¶ 27.)

As a result of Defendants' actions, Plaintiff has incurred financial harm due to his decreased credit score and the accompanying difficulty he has had in obtaining a loan, including by being required to pay "higher interest rat[es] and fees." (*Id.* ¶¶ 33–34.) Plaintiff alleges Florida Consumer Collections Practices Act (FCCPA) violations against Addition (Count I), (*id.* ¶¶ 36–41), and alleges Fair Credit Reporting Act (FCRA) violations against the CRA Defendants (Counts II–VII), (*id.* ¶¶ 42–80). Plaintiff filed his complaint in state court on April 18, 2024. (*See* Dkt. 1 ¶ 1.) On May

28, 2024, Equifax filed a notice of removal, to which all other Defendants consented. (*See* Dkts. 1, 1-5, 1-6, 1-7.)  On July 5, 2024, Equifax and Trans Union filed a joint Motion to Dismiss arguing that Plaintiff fails to state a claim, which Experian joined. (Dkt. 35; *see* Dkt. 36.)  On July 19, 2024, Addition filed a separate Motion to Dismiss for failure to state a claim.  (Dkt. 42.)  Plaintiff opposes the Motions.  (Dkts. 41 & 44.)

## APPLICABLE STANDARDS

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

### A. Addition's Motion to Dismiss Count I

In Count I, Plaintiff alleges that Addition, by placing a charge on Plaintiff's daughter's account after the account had been closed, "attempt[ed] to enforce a debt

that [Addition] knew was not legitimate in violation of [section] 559.72(9)" of the FCCPA. (Dkt. 1-1 ¶ 38.) The FCCPA prohibits any person from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat. To state a claim under section 559.72(9), a plaintiff must plead three elements: "an illegitimate debt, a threat or attempt to enforce that debt, and knowledge that the debt is illegitimate." *Davis v. Sheridan Healthcare, Inc.*, 281 So. 3d 1259, 1264 (Fla. Dist. Ct. App. 2019).

### 1. Illegitimate Debt

Broadly speaking, an illegitimate debt is one that the purported debtor does not owe. *See Lawrence v. FPA Villa Del Lago, LLC*, 584 F. Supp. 3d 1105, 1116 (M.D. Fla. 2022) (determining that the plaintiff failed to demonstrate that the disputed "key fee" was not legitimate because the court "c[ould] only reasonably infer that [he] failed to return his keys prior to terminating his lease early," and that thus, the key fee was legitimate); *Bentley v. Bank of Am., N.A.*, 773. F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (determining that a plaintiff failed to sufficiently allege an illegitimate debt to survive a motion to dismiss where he admitted "that he had a mortgage loan, that he defaulted on the loan, and that [the d]efendants had servicing rights as to that loan," such that the loan was not illegitimate) (internal citations omitted). In *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, for example, the plaintiff alleged that the debt the defendant had attempted to collect from her had been discharged as to her personally in bankruptcy, and thus, that the debt was illegitimate. 159 F. Supp. 3d 1294, 1303–

05 (M.D. Fla. 2016). Ultimately, the court found that "although the mortgage lien survived the [plaintiff's bankruptcy] discharge, the debt as against [the plaintiff] personally [wa]s no longer legitimate and, thus, attempts to collect from her personally violate[d] [s]ection 559.72(9)." *Id.* at 1305; *see also McCamis v. Servis One, Inc.*, 8:16-CV-1130-T-30AEP, 2016 WL 4063403, at *4 (M.D. Fla. July 29, 2016) (holding that an attempt to collect a debt that had been discharged in bankruptcy was an attempt to collect an illegitimate debt).

Here, Plaintiff claims that the charge placed on his daughter's account was incurred after she had confirmed with Addition that the account had been closed. (Dkt. 1-1 ¶¶ 20–22.) This may be sufficient, at the motion to dismiss stage, to allege an illegitimate debt under the FCCPA. *See Blake v. Seterus, Inc.*, 16-21225-CIV-JLK, 2017 WL 543223, at *3 (S.D. Fla. Feb. 9, 2017) (denying motion to dismiss when plaintiff pleaded that Defendant regularly billed for "unincurred, estimated costs"); *see also Wright v. Crosscountry Mortgage, LLC*, 2:23-CV-383-JLB-KCD, 2024 WL 706063, at *4 (M.D. Fla. Feb. 21, 2024), *report and recommendation adopted as modified by* 2024 WL 1604111 (M.D. Fla. Apr. 12, 2024) (determining that a debtor had sufficiently pleaded an illegitimate debt where he alleged that the defendant had granted him forbearance on his mortgage payments, but then nevertheless attempted to collect those mortgage payments). The court does not decide this issue, however, as Plaintiff fails to establish the second and third elements required by section 559.72(9).

### 2. Threat or Attempt to Enforce the Illegitimate Debt

Plaintiff must plead that Addition "threat[ened] or attempt[ed] to enforce [the illegitimate] debt." *Davis*, 281 So. 3d at 1264. Plaintiff's conclusory allegations of "unlawful collection attempts," (Dkt. 1-1 ¶¶ 25, 30–34), are not substantiated by any specific allegations of actions that Addition took to collect the alleged debt, (*see id.* ¶¶ 17–41), and are therefore insufficient to allege Addition threatened or attempted to enforce the debt. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Similarly, Addition's reporting the debt to the CRA Defendants is not a plausible allegation of a violation of the FCCPA, as "[t]here is a clear consensus among the courts that the FCRA preempts allegations under Florida statutes regarding furnishers' negative credit references to credit reporting agencies." *Hallback v. Carrington Mortgage Services, LLC*, 8:21-CV-1028-WFJ-SPF, 2022 WL 685663, at *4 (M.D. Fla. Mar. 8, 2022); *see also Arnold v. Capital One Services, LLC*, 8:17-CV-1416-T-33AEP, 2017 WL 4355625, at *2 (M.D. Fla. Oct. 2, 2017) ("This Court, as well as a majority of district courts in Florida, consistently hold that [the FCRA] preempts FCCPA claims to the extent that the challenged debt-collection activity is based on furnishing inaccurate information to credit reporting agencies."). As such, even if the information that Addition furnished to the CRA Defendants was inaccurate, this does not give rise to a claim under the FCCPA. *See Arnold*, 2017 WL 4355625 at *2 (dismissing FCCPA claim that was "based exclusively on [the defendant]'s reporting of inaccurate information" to credit reporting agencies

as preempted by the FCRA); *Arianas v. LVNV Funding LLC*, No. 8:14-cv-01531-T-27EAJ, 2015 WL 404238, at *2 (M.D. Fla. Jan. 8, 2015) (determining that, where the defendant sought to collect a debt from the plaintiff by threatening to report information to a credit reporting agency, the threat itself was not preempted by the FCRA even though the threatened conduct was preempted).

Plaintiff's final allegation appears to be that "[Addition]'s Unlawful Charges" were themselves "attempts to enforce a debt that [Addition] knew was not legitimate." (Dkt 1-1 ¶ 38.) The court determines that merely asserting that an illegitimate debt was placed on a plaintiff's account is insufficient to constitute an attempt or threat to enforce that same illegitimate debt. *See Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1310 (S.D. Fla. 2009) (dismissing FCCPA claim where Plaintiff "fail[ed] to identify in what way [the defendant] specifically threatened to take adverse action against [the p]laintiff"). To find otherwise would be to obviate this second element of a claim under the FCCPA and to duplicate the first element, as it would permit the mere presence of an illegitimate debt to satisfy both elements. *See Davis*, 281 So. 3d at 1264.

### 3. Knowledge that the Debt is Illegitimate

Even if attempting to enforce an illegitimate debt is sufficient to satisfy the second element, however, Plaintiff has not adequately pleaded the final element of a claim under section 559.72(9), "knowledge that the debt is illegitimate." *Davis*, 281 So. 3d at 1264. "Section 559.72(9) of the FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed actual knowledge that the threatened

means of enforcing the debt was unavailable." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n.12 (11th Cir. 2010); *see also Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. Dist. Ct. App. 2012) ("[I]t must be shown that . . . the person had actual knowledge that the right did not exist." (quoting *Pollock v. Bay Area Credit Serv., LLC*, No. 08–61101–Civ, 2009 WL 2475167, at *9 (S.D. Fla. Aug.13, 2009)). "The plaintiff cannot merely plead that the defendant had knowledge, but instead must plead sufficient factual allegations to show how the defendant had that knowledge." *Lima v. Bank of Am., N.A.*, 249 F. Supp. 3d 1308, 1313 (S.D. Fla. 2017) (citing *Reese*, 686 F.Supp.2d at 1312).

Here, Plaintiff alleges that Addition confirmed the account was closed on May 9, 2023, and that his daughter contacted "Defendants in order to notify them of their unlawful debt collection attempts." (Dkt. 1-1 ¶¶ 21, 26.) The court finds that Plaintiff has not sufficiently alleged that Addition had actual knowledge that the debt was illegitimate. *See Sharon v. Royal Caribbean Cruises Ltd.*, No. 17-22323-CIV, 2017 WL 11220344, at *5 (S.D. Fla. Oct. 6, 2017) (holding that "[p]urely informing the Defendant that they did not owe the debt [wa]s insufficient to satisfy knowledge on behalf of the Defendant that the debt was in fact illegitimate when attempting to collect it"), *report and recommendation adopted by* 2017 WL 11220333 (S.D. Fla. Nov. 9, 2017); *see also Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5–6 (Fla. Dist. Ct. App. 2009) ("The fact that plaintiff asserted, when he received telephone calls from [the defendant] attempting to collect the debt, that he did not owe the debt, is insufficient, in our

opinion, to create an issue of fact as to his claim that [the defendant] knew that the debt was not legitimate.").

Further, Plaintiff fails to distinguish between Addition and the CRA Defendants when he claims his daughter "contacted the Defendants in order to notify them of their unlawful debt collection attempts." (Dkt 1-1 ¶ 26.) The court finds that Plaintiff's Complaint is deficient in this regard as well. *See Bentley*, 773 F. Supp. 2d at 1373 ("[The p]laintiff simply makes the conclusory allegation that [the d]efendants (again improperly lumping them together) 'knew they did not have a legal right to use such collection techniques, without any specific factual allegations as to each [of the d]efendants' knowledge . . . .'"). Accordingly, Addition's Motion is granted, and Count I is dismissed without prejudice.

### B. The CRA Defendants' Motion to Dismiss Counts II–VII

In Counts II through VII, Plaintiff claims that each of the CRA Defendants violated 15 U.S.C. § 1681e(b) and § 1681i of the FCRA. (Dkt. 1-1 ¶¶ 42–80.) Section 1681e(b) of the FCRA provides that in preparing a consumer report, a consumer reporting agency "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1157, 1160 (11th Cir.

1991)). Section 1681i of the FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file . . . is disputed by the consumer . . . the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file[.]" 15 U.S.C. § 1681i(a)(1)(A). "The elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same [as under § 1681e], except that the plaintiff needn't show that the agency prepared and distributed a report." *Losch*, 995 F.3d at 944 (citing *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015)).

"To establish a violation of either of these FCRA provisions, the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024) (citing *Losch*, 995 F.3d at 944). To plead factually inaccurate information within a credit report or file, a plaintiff's credit information "must be factually incorrect, objectively likely to mislead its intended user, or both to violate the maximal accuracy standard of the Fair Credit Reporting Act." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020). "Under that standard, a report that contains factually incorrect information is plainly inaccurate under the Fair Credit Reporting Act. So too for a report that contains factually correct information but nonetheless misleads its users as to its meaning or implication." *Id.* "[W]hen evaluating whether a report is accurate under the [FCRA], [the court must] look to the objectively reasonable interpretations of the report." *Id.*

(citing *Cahlin*, 936 F.2d at 1158). "Plaintiffs have the burden of establishing the inaccuracy with the consumer report; failure to do so is fatal to their FCRA claims." *Martino v. Bank of Am., N.A.*, No. 23-CV-61780-WPD, 2024 WL 4297825, at *4 (S.D. Fla. Aug. 19, 2024).

The thrust of the CRA Defendants' motion to dismiss these claims is that Plaintiff "raises a legal issue, rather than alleging a factual accuracy." (Dkt. 35 at 4.) This argument, however, misses the point of the Eleventh Circuit's recent decision in *Holden v. Holiday Inn Club Vacations, Inc.*, which clarified that "[w]hether the alleged inaccuracy is factual or legal is beside the point. Instead, what matters is whether the alleged inaccuracy was objectively and readily verifiable." 98 F.4th 1359, 1363 (11th Cir. 2024). The *Holden* court found that the inaccuracy alleged there was not objectively and readily verifiable because resolution of the underlying dispute was "not a straightforward application of law to facts," because "Florida state courts . . . ha[d] come to conflicting conclusions" regarding the sort of provision at issue in *Holden*. *Id.* at 1368.

Here, Plaintiff claims that his daughter could not have incurred a charge on her closed account, and thus, that any report claiming she owed a balance on her account is inaccurate. (Dkt 1-1 ¶¶ 18–22.) The relative brevity of Plaintiff's Complaint leaves the court unpersuaded that this alleged inaccuracy was objectively and readily verifiable by the CRA Defendants. Plaintiff simply fails to include *any* allegations as to the debt other than its existence. (*See id.* ¶¶ 17–35.) The court finds that Plaintiff's bare assertions that the debt cannot be owed because the account was closed are

- 11 -

insufficient to satisfy his burden to plead an inaccuracy. *See Martino*, 2024 WL 4297825, at *5 ("Plaintiffs have failed to show the consumer report was 'factually incorrect, objectively likely to mislead its intended user, or both.' Therefore, Plaintiffs' FCRA claims must fail." (citation omitted) (quoting *Erickson*, 981 F3d at 1252)).

By way of example, in *Kanani v. Experian Information Solutions, Inc.*, this court determined that the alleged inaccuracy was objectively and readily verifiable only because the plaintiffs' allegations, accepted as true, led ineluctably to only one conclusion: that the debt reported by the defendants did not exist, and thus, that their reports to the contrary were inaccurate. No. 6:23-cv-2483-JSS-EJK, 2024 WL 3729484, at *3 (M.D. Fla. Aug. 8, 2024). Here, on the other hand, the court is not convinced that the debt reported by the CRA Defendants does not exist or is not otherwise owed by Plaintiff—the charge placed on his daughter's account could have been pending at the time the account was closed and placed on the account only afterward, or else could be a fee generated by Addition. *See Paulino v. W. Funding II Inc.*, No. 23-24172-CIV-LENARD/ELFENBEIN, 2024 WL 2976744, at *6 (S.D. Fla. June 13, 2024) (determining that the disputed information was objectively and readily verifiable where the alleged inaccuracy depended simply upon whether the plaintiff did or did not execute the disputed loan).

Ultimately, allegations that are merely consistent with a defendant's liability are insufficient. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) ("For [a] claim to survive [a motion to dismiss], the plaintiff's allegations must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face. . . . Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." (internal quotation marks omitted)). The *Holden* court recognized that "the furnisher of credit information," here, Addition, "stands in a far better position to make a thorough investigation of a disputed debt than [a consumer reporting agency] does." 98 F.4th at 1368 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009)). While the *Holden* court determined that the FCRA "will sometimes require *furnishers* to investigate, and even to highlight or resolve, questions of legal significance," it did not hold that CRAs are to be held to the same standard. *Id.* (emphasis added) (quoting *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022)). The court therefore grants the CRA Defendants' Motion and dismisses Counts II–VII without prejudice.

## CONCLUSION

Accordingly:

1. Addition's Motion to Dismiss (Dkt. 42) is **GRANTED**.

2. The CRA Defendants' Motion to Dismiss (Dkt. 35) is **GRANTED**.

3. Plaintiff's Complaint (Dkt. 1-1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint on or before November 1, 2024.

**ORDERED** in Orlando, Florida, on October 23, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record